# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

SHERWOOD SIMMONS                                                                   PLAINTIFF

V.                                      1:14CV00022 KGB/JTR

JACKSON COUNTY ARKANSAS; and
BROCK, Chief Deputy                                                                DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Sherwood Simmons, is confined in the Jackson County Detention Center. He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *Doc. 1.* Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that this case be dismissed, without prejudice,

for failing to state a claim upon which relief may be granted.[1]

## I. Discussion

Plaintiff alleges, that on March 14, 2014, an *unspecified* jail official opened a letter from the Arkansas Public Defender Commission ("Commission") outside of his presence. *Doc. 1.* In that letter, the Commission explains that it cannot assign a new public defender, and instead, Plaintiff must make that request to the judge presiding in his state criminal proceedings. *Id. at 8.*

Pursuant to the Sixth Amendment, prison officials must open privileged legal mail in the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). In this respect, privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner,* 109 F.3d at 430; *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). The letter opened by a jail official was not from Plaintiff's attorney, and it did not contain any confidential communications about any legal matters. Thus, it is unlikely that it would constitute privileged legal mail subject to Sixth Amendment

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

protection.[2]

Further, even if the letter was privileged legal mail, it is well settled that an "isolated incident" of opening legal mail outside of an inmate's presence does not rise to the level of a constitutional violation. *Gardner,* 109 F.3d at 431. Thus, the Complaint should be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.   Dismissal constitute a STRIKE, as defined by 28 U.S.C. § 1915(g).

3.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

---

[2] The only named Defendants are Chief Deputy Brock and Jackson County. Because there is no vicarious liability in § 1983 actions, Defendant Brock can only be held liable if he opened the letter, or it was opened as result of his deliberately indifferent failure to properly train or supervise the subordinate who opened the letter. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). Similarly, Defendant Jackson County can only be held liable if the letter was opened pursuant to: (1) a county policy or custom; or (2) a deliberately indifferent failure to train or supervise. *See Smithrud v. City of St. Paul*, Case No. 12-3713, 2014 WL 1226751 (8th Cir. Mar. 26, 2014) (slip opinion to be published). Plaintiff has not made any such allegations. Thus, in addition to failing to state a viable claim, the Complaint is also defective because it does not name a proper Defendant.

Dated this 9th day of May, 2014.

                                         _____
                                         UNITED STATES MAGISTRATE JUDGE